JOHN G. MURPHY, Respondent, *v.* JAMES F. CAREY, Appellant,
Impleaded with JAMES F. GILLEN.

*Promissory note given to take up another note — failure to surrender the old note, not a
defense to an action on the new note.*

In an action brought upon seven promissory notes, it appeared that one Murphy,
the plaintiff, held a note made by Carey, one of the defendants, drawn to the
order of one O'Brien and indorsed by O'Brien, which had been protested for
non-payment. In 1891, Murphy was prosecuting an action against Carey
involving other matters. On the eve of the trial, a settlement was reached,
and the O'Brien note, not then in suit, was brought into the settlement, which
settlement provided that Carey should have an extension of time for the pay-
ment of the O'Brien note upon condition that he would procure an indorser,
whereupon the notes in suit were given and one Gillen became the indorser
upon them. The old note was not surrendered. The new notes became due
and were protested. Shortly afterwards, Carey paid $250 on account.

*Held,* that the failure to surrender the old note constituted no defense to the
action; that there was a full and valuable consideration for the notes in suit,
and after their delivery the old note ceased to have any validity or vitality.

APPEAL by the defendant, James F. Carey, from a judgment of
the Supreme Court in favor of the plaintiff, entered in the office of
the clerk of the county of Kings on the 7th day of February, 1895,
upon the verdict of a jury, rendered after a trial at the Kings
County Circuit, and also from an order entered in the office of the
clerk of the county of Kings on the 12th day of March, 1895, deny-
ing the defendant's motion for a new trial made upon the minutes.

*J. Stewart Ross,* for the appellant.

*James McKeen,* for the respondent.

DYKMAN, J.:

This is an appeal from a judgment entered upon the verdict of a
jury and from an order denying a motion upon the minutes of the
court for a new trial.

The action was based upon seven promissory notes of which
Carey, the defendant, was the maker and James F. Gillen was the
indorser.

The appeal is by the maker alone. The facts were substantially
these: The plaintiff in this action held a note made by Carey, the

defendant, for $5,000, drawn to the order of Michael C. O'Brien, and indorsed by him, and protested for non-payment. In January, 1891, Murphy was prosecuting an action against Carey, involving other matters, and on the eve of trial, a settlement was reached and Mr. Hewitt, counsel for plaintiff, suggested that the O'Brien note, not then in suit, should be brought into the settlement. It was accordingly arranged at that time to give Carey an extension of time for the payment of that $5,000 note upon condition that he would procure an indorser. Thereupon the notes involved in this suit were given, and Gillen became the indorser upon them. The first of the series of notes became due and were protested August 28, 1892. Shortly thereafter, Carey sent to Mr. Hewitt, the lawyer, his check for $400. The check was not paid, but Carey afterward paid $250 in money, which was allowed on the note due August twenty-eighth. The only substantial defense urged is, that there was a failure to carry out an alleged condition that the note for $5,000 should be given up or surrendered.

Upon the facts disclosed at the trial, no defense to the action was established.

The failure to surrender the old note constituted no defense to this action. There was a full and valuable consideration for the notes in suit, and after their delivery the old note ceased to have any validity or vitality.

The plaintiff was entitled to a verdict upon his claim, and the judgment must be affirmed unless some of the exceptions taken to the rulings on the question of evidence or to the charge of the judge, present error.

After a careful examination of the exceptions taken to the charge of the trial judge, and his refusals to charge, we find no error, and the judgment and order denying the motion for a new trial upon the minutes of the court should be affirmed, with costs.

BROWN, P. J., and PRATT, J., concurred.

Judgment and order affirmed, with costs.